UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER WHITLOCK,<br><br>    Plaintiff,<br><br>v.<br><br><br>AMERICAN EXPRESS BANK,<br>SERVE : Secretary of the Commonwealth<br>1111 East Broad St. 4th Floor<br>Richmond, VA 23219<br>    Defendant. | Civil Action No.:  1:18-cv-844 (TSE/JFA) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christopher Whitlock ("Plaintiff"), through his attorneys, alleges the following against Defendant, American Express Bank ("Defendant").

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Prince William County, Virginia.

6. Defendant is a servicer of unsecured consumer debt with its headquarters located in New York and regularly transacts business throughout the United States and New York. Defendant may be served with process at its registered agent located at CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

## FACTUAL ALLEGATIONS

7. Defendant is attempting to collect a debt from Plaintiff.

8. On and around June 2017, Defendant began placing calls to Plaintiff's cellular phone number (240) 316-1456, in an attempt to collect an alleged debt.

9. The calls came from (800) 592-1160; upon information and belief this number is owned or operated by Defendant.

10. On or around June 27, 2017, at approximately 1:50 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

11. Defendant informed Plaintiff that it was attempting to collect a debt.

12. Plaintiff instructed Defendant not to contact him any further.

13. Defendant ignored Plaintiff's requests to cease calls and continued calling him through July 24, 2017.

14. Upon information and belief, approximately 18 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

15. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

16. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

17. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

18. The conduct was not only willful but done with the intention of causing Plaintiff such distress in order to induce him to pay the alleged debt.

19. Plaintiff received calls during work hours after beginning a new position, causing embarrassment at his new place of employment.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, physical, emotional and mental pain and anguish.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

21. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

22. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent

part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

23. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Christopher Whitlock, respectfully requests judgment be entered against Defendant, American Express Bank, for the following:

A.  Statutory damages of $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Any other relief that the Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

By: /s/ Susan M. Rotkis

Susan M. Rotkis, VSB 40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
Tel: 757-930-3660
Fax: 757-930-3662
srotkis@clalegal.com

Attorney for Plaintiff,
Christopher Whitlock